SUCESIÓN DE RAMÓN CUADRA RODRÍGUEZ Y MARÍA JOSÉ GÓMEZ, compuesta de sus hijos Juan, Pedro, Francisca y Adelaida Cuadra Gómez y su nieta Adelaida Cuadra Cedillo, demandantes y apelados, *v.* JOSEFA LÓPEZ CUADRA y su esposo Manuel Bustelo Gutman, demandados y apelantes.

No. 3577.—*Visto:* Mayo 28, 1925. *Resuelto:* Mayo 18, 1926.

EVIDENCIA—EVIDENCIA PRIMARIA Y SECUNDARIA—ASIENTOS DEL REGISTRO DE LA PROPIEDAD—PRUEBA DE LOS MISMOS.—Para probar en los pleitos los asientos

obrantes en el registro de la propiedad debe presentarse certificación literal de ellos si específicamente la certificación en relación no está autorizada por la Ley Hipotecaria.

SENTENCIA de *Pablo Berga, J.* (Humacao), declarando con lugar la demanda, con costas. *Revocada y devuelto el caso.*

*Arturo Aponte y M. Tous Soto,* abogados de los apelantes; *González Fagundo & González, Jr.,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los apelados, como herederos de don Ramón Cuadra Rodríguez, demandaron en reivindicación a doña Joséfa López Cuadra y a su esposo don Manuel Bustelo Gutman alegando que su causante era dueño de una finca de 40 cuerdas de terreno en el barrio de Candelario Abajo del término municipal de Humacao inscrita a su favor en el registro de la propiedad, de la cual segregó y vendió a don Pedro Regalado López una porción de 15 cuerdas 21 céntimos de otra y que las 24 cuerdas 79 céntimos restantes, cuya descripción hicieron, es propiedad de los demandantes por título de herencia pero la ocupan los demandados ilegalmente, de mala fe y sin título alguno desde el año 1900.

Los demandados negaron los hechos de la demanda aunque en la materia nueva de oposición admitieron que don Pedro Regalado López compró al causante de los demandantes 15 cuerdas 21 céntimos que formaban parte de otra finca de mayor cabida, y celebrado el juicio recayó sentencia condenándolos a devolver a los demandantes la finca reclamada y contra ella interpusieron esta apelación.

El primer motivo de error alegado por los apelantes para sostener su recurso se funda en que la corte inferior erró al admitir como prueba cierta certificación del Registro de la Propiedad de Humacao.

Para probar los demandantes que son los dueños de las 24 cuerdas 79 céntimos que reclaman presentaron una certificación en relación librada por el Registrador de la Propiedad de Humacao, que no contiene una transcripción lite-

ral de los asientos del registro relativos a la finca en controversia, lo que aceptan los apelados en su alegato, sino lo que a juicio del registrador resulta de sus libros, a cuya admisión se opusieron los demandados pero fué admitida por la corte.

Si bien el artículo 290 de la Ley Hipotecaria autoriza a los registradores de la propiedad para librar certificaciones en relación o literales de lo que resulte de sus registros, según se les pidieren o mandaren dar, cuando se trata de probar en los pleitos lo que aparece del registro ha de presentarse certificación literal de sus asientos, si específicamente la certificación en relación no está autorizada por la Ley Hipotecaria, porque es la manera de probar en los tribunales las constancias de archivos públicos según disponen los artículos 69, No. 6, y 74 de la Ley de Evidencia, y por tanto fué indebidamente admitida en este caso la certificación no literal o en relación de los asientos del registro, evidencia que por ser primaria excluye la secundaria de testigos. No queremos decir que por virtud de los preceptos de la Ley de Evidencia quede derogada la Ley Hipotecaria en cuanto permite que se puedan librar certificaciones en relación cuando así se interesan sino que para probar en los pleitos los asientos obrantes en el registro de la propiedad debe presentarse certificación literal de ellos.

Siendo fundamental el error cometido por la corte inferior al admitir dicha certificación porque se refiere a la prueba del título en que los demandantes fundan su derecho, debe revocarse la sentencia apelada y ordenarse la celebración de un nuevo juicio.